IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'ANDRE MONROE,<br><br>        Petitioner,<br><br>    v.<br><br>C. PHEIFFER,<br><br>        Respondent. | No. 2:19-CV-2174-MCE-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner initiated this action on October 28, 2019, with a motion for a 120-day extension of time to file an operative petition. On November 25, 2019, the court denied petitioner's motion and directed petitioner to file an operative petition within 30 days. Petitioner was warned that failure to file a petition may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110. To date, petitioner has not complied.[1]

/ / /

/ / /

/ / /

---

[1] Petitioner states that he has filed a second action with an operative petition. Petitioner contends this constitutes compliance. A review of the court's docket, however, does not reflect a second petitioner filed by petitioner.

1

1　　　　　The court must weigh five factors before imposing the harsh sanction of
2　dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.
3　U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's
4　interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
5　the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
6　their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,
7　46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an
8　appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
9　See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is
10　appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,
11　1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to
12　comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,
13　1260-61 (9th Cir. 1992).
14　　　　　Having considered these factors, and in light of petitioner's failure to file a
15　operative petition as directed, the court finds that dismissal of this action is appropriate.
16　　　　　Based on the foregoing, the undersigned recommends that this action be
17　dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and
18　orders.
19　　　　　These findings and recommendations are submitted to the United States District
20　Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
21　after being served with these findings and recommendations, any party may file written
22　objections with the court.  Responses to objections shall be filed within 14 days after service of
23　objections.  Failure to file objections within the specified time may waive the right to appeal.
24　See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
25
26　Dated:  January 21, 2020
27
　　　　　　　　　　　　　　　　　　　　　DENNIS M. COTA
28　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

2