# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

D'ANDRE MONROE,

    Petitioner,

v.

C. PHIEFFER,

    Respondent.

No. 2:19-CV-02174-MCE-DMC-P

FINDINGS AND RECOMMENDATIONS

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Respondent's Motion to Dismiss. ECF No. 16. Respondent argues (1) that Petitioner's petition is premature under Younger v. Harris, 401 U.S. 37 (1971) because his direct appeal is pending, and (2) that his petition includes an unexhausted claim. Id. at 1. Petitioner responds (1) that Younger abstention is not required because the circumstances of his petition, including the risk of immediate and irreparable harm, warrant exercise of federal jurisdiction, and (2) that he properly presented and exhausted all claims before the appellate courts. ECF No. 22. The Court resolves the motion on abstention grounds and does not reach the exhaustion issue.

///

///

///

# I. BACKGROUND

## A. State Court Proceedings:

Petitioner and friends drove to back up other friends who had been involved in a fight with several teenage girls. ECF No. 18-2 at 2–3. The teenage girls meanwhile regrouped in a nearby home. Id. at 2. After a series of arguments, during which Petitioner and another individual fired guns near the home, Petitioner and his friends returned to their car. Id. at 4. They drove slowly past the home. Id. Petitioner fired a gun through the open passenger-side window. Id. The bullet from Petitioner's gun entered the home through a bedroom window and hit 15-year-old Aliyah ("Lele") Smith, severing her spinal cord and killing her. Id. at 5. Petitioner had been drinking and was "drunkish." Id. Evidence is conflicted as to whether Petitioner's friends berated him for not firing the gun near the home rather than into it. Id.

A jury convicted Petitioner in California state court of second-degree murder and firing a gun into an inhabited house. ECF Nos. 10 at 1, 18-2 at 6. The jury also found gun enhancements. ECF Nos. 10 at 1; 18-2 at 6. The trial court sentenced Petitioner on the murder charge and gun enhancements. ECF No. 18-2 at 6. Citing California Penal Code section 654, the trial court withheld imposition of a sentence on the charge of firing into an inhabited house. Id. The court imposed a 15-years-to-life sentence for murder and 25-years-to-life sentence for the gun enhancements. Id. Petitioner is subject to an indeterminate term of 40-years-to-life. Id.

Petitioner appealed his conviction to the California Court of Appeal. Id. at 2; ECF No. 10 at 1–2. Petitioner did not challenge his conviction for firing a gun at inhabited home. ECF No. 18-2 at 2. Instead, he argued (1) that there was insufficient evidence to sustain a murder conviction; (2) that the trial court erred in not sua sponte instructing the jury on involuntary manslaughter; and (3) that the trial court erred in granting a jury instruction that prohibited the jury from considering voluntary intoxication as to whether Petitioner had a conscious disregard for life. Id. He also argued that his trial counsel was ineffective in failing to request a jury instruction on voluntary intoxication. Id.

The Court of Appeal affirmed the judgment except as to the gun enhancements. Id. The court remanded the case to the trial court in light of then-recent state legislation giving the

1  trial court discretion to dismiss gun enhancements. Id. Petitioner appealed to the Supreme Court
2  of California. ECF No. 18-3. The Court denied review. ECF No. 18-4.
3         The trial court declined to strike the gun enhancement on remand in August 2019.
4  See ECF No. 10 at 2–3; see also ECF No. 16 at 2. Petitioner appealed the trial court's denial to
5  strike the enhancement to the Court of Appeal. See ECF Nos. 10 at 3; 16 at 2. The appeal is
6  pending.[1] See ECF Nos. 10 at 3; 16 at 2.

**B. State Habeas Corpus Proceedings:**

       Petitioner filed a habeas corpus petition with the state trial court in June 2019. See ECF Nos. 16; 18-6. The assigned judge construed the petition as a post-judgment motion and reassigned the petition to the judge who presided over Petitioner's trial and who was handling the resentencing hearing on remand. ECF No. 18-6. The status of the petition is unknown.

**C. Current Federal Habeas Corpus Petition:**

       Petitioner filed this federal habeas corpus petition on February 25, 2020. ECF No. 10. His petition rests on four grounds. Id. at 4–5.

       First, Petitioner claims that the Court of Appeal erred in concluding that Petitioner "appreciated the risk when he was baited into firing one shot and therefore had a conscious disregard for life . . . ." Id. at 4. He claims that what the court concluded, from the arguments of Petitioner's appellate counsel, was that Petitioner's appellate counsel had conceded Petitioner refrained from firing into the home until pressured to do so because he was aware of the risk of firing. Id. Petitioner argues, however, that his counsel did not in fact concede that Petitioner was aware of the risk. Id. Instead, counsel stated that Petitioner did not shoot at the house "because he had no dog in this fight." Id. The court, in Petitioner's view, erred in taking counsel's statement as an inadvertent concession that he knew firing at the house was dangerous but did it anyway after being pressured by others. Id. Petitioner asserts that what counsel actually argued was that there was insufficient evidence of implied malice to sustain a second-degree murder conviction. Id.

---

[1] Respondent submits a copy of the docket from California's Third District Court of Appeal, in which Petitioner's appeal is pending. ECF No. 17. The last registered action on Respondent's submission is from April 15, 2020. Id. This Court reviewed the Court of Appeal's updated docket as of November 2020 (case number C090193). The Court takes judicial notice under Federal Rule of Civil Procedure 201 of the Court of Appeal's docket in Petitioner's case. Petitioner's appeal is still pending.

Second, Petitioner contends that the evidence was insufficient as a matter of law to support conviction for second-degree murder and that his conviction violates the Fourteenth Amendment to the United States Constitution. Id. He specifically asserts that no evidence indicated that he had intent to kill, or even knew that Smith was inside the home. Id. He argues that a trained marksman would have had a difficult time hitting Smith, and that his errant shot cannot be considered as posing a high risk of death. Id. Especially because he had turned 18 just shortly before the shooting, there was no evidence to indicate that he knew his conduct posed a risk to anyone in the house or that he acted in conscious disregard of that risk. Id. At most, his conduct rose to the level of involuntary manslaughter. Id.

Third, Petitioner claims that the trial court prejudicially erred in refusing to instruct the jury "that an unlawful killing committed without malice in the course of an assaultive felony constitutes the crime of involuntary manslaughter." Id. at 5. He contends that the trial court's alleged error violated his Fourteenth Amendment rights to due process and his Sixth Amendment rights to a trial and to present a defense. Id. Petitioner claims that the instruction should have been granted because there was insufficient evidence of implied malice. Id. There was in Petitioner's view, however, sufficient evidence to show that an objective and reasonable person in Petitioner's position committed an act endangering life without appreciating the risk involved. Id. Petitioner argues that the evidence could only show he was guilty of criminal negligence or involuntary manslaughter. Id.

Fourth, Petitioner argues that his sentence of forty-years-to-life is unconstitutional as contrary to Miller v. Alabama, 567 U.S. 460 (2012) and Montgomery v. Louisiana, 575 U.S. 911 (2015). Id. He asserts that he had just turned 18 at the time of the crime and lacked maturity and a developed sense of responsibility. Id. Those lacking qualities result in impulsive, ill-considered actions. Id. Juveniles are also more susceptible to negative influence and peer pressure. Id. Petitioner argues that his age, lack of maturity, undeveloped sense of responsibility, and vulnerability to peer pressure should have been considered at sentencing. Id.

///

///

4

## II. DISCUSSION

Respondent moves to dismiss Petitioner's petition without prejudice. ECF No. 16 at 5. Respondent's argument is twofold. Id. at 1. First, Respondent argues that Petitioner's appeal is still pending, and this Court should accordingly abstain under Younger v. Harris, 401 U.S. 37 (1971). Id. at 2–3. Secondly, Respondent argues that Petitioner has not exhausted his claims because he did not present his claims under Miller v. Alabama, 567 U.S. 460 (2012) and Montgomery v. Louisiana, 575 U.S. 911 (2015) to the Supreme Court of California. Id. at 3–5. Petitioner opposes Respondent's arguments on two pertinent bases.[2] Petitioner first rebuts that Younger abstention is not appropriate because the pending appeal will not render his habeas petition moot, and an abstention exception applies because he will suffer immediate, irreparable harm if the Court abstains. ECF No. 22 at 4–10. He secondly contends that he exhausted his claims before the California Court of Appeal and the Supreme Court of California because the claims he did raise necessarily implied the existence of a question concerning the constitutionality of his sentence under Miller and Montgomery. Id. at 10–14. Because the Court concludes that it must presently abstain, it does not reach the exhaustion arguments.

### A. *Younger* Abstention:

Federal courts' obligation to hear and determine cases is "virtually unflagging." Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 77 (2013) (quoting Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)); Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018). Younger abstention is an exception to that rule and is a jurisprudential doctrine rooted in principles of equity, comity, and federalism. Arevalo, 882 F.3d at 765. Specifically, Younger warns against federal interference with ongoing state criminal, civil, and administrative proceedings. Id. But abstention is an extraordinary and narrow exception. Id.;

---

[2] Petitioner raises a third argument in his opposition to Respondent's Motion to Dismiss. See ECF No. 22 at 14–16. He argues that because the Court of Appeal's opinion is based on an unreasonable determination of facts, namely that Petitioner's appellate counsel conceded Petitioner appreciated the risk of shooting into the home, that the court had a duty to allow supplemental briefing to permit counsel to rebut the issue. Id. Instead, Petitioner claims the court compounded its error by denying his petition for rehearing. Id. at 16. And because of the court's error, the State of California is estopped from advancing any argument that he failed to exhaust his state remedies. Id. Even if that were true, because the Court resolves Respondent's motion on the abstention grounds raised in the motion, it does not address the argument.

Cook v. Harding, 879 F.3d 1035, 1038 (9th Cir. 2018). Indeed, virtually all cases discussing Younger abstention stress that the limited circumstances in which abstention is appropriate remain the exception rather than the rule. San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008).

Younger abstention is appropriate when: (1) there is "an ongoing state judicial proceeding"; (2) the proceeding "implicate[s] important state interests;" (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges;" and (4) the requested relief "seek[s] to enjoin" or has "the practical effect of enjoining" the ongoing state judicial proceeding. Arevalo, 882 F.3d at 765 (quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 758 (9th Cir. 2014)). Even if Younger abstention is otherwise appropriate, however, federal courts will not abstain if there is "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Id. (quoting Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982)).

Abstention may be appropriate in the context of habeas corpus petitions when state proceedings are pending. See, e.g., Espinoza v. Montgomery, 107 F. Supp. 3d 1038, 1041–42 (N.D. Cal. 2015) (dismissing habeas petition on Younger grounds when the petitioner's direct appeal was pending in state court); cf. Brown v. Ahern, 676 F.3d 899, 900–01 (9th Cir. 2012). For instance, abstention may be appropriate when a petitioner has not exhausted their state appellate remedies. Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994); Morning Hill Foods, LLC v. Hoshijo, 259 F. Supp. 3d 1113, 1121 (D. Haw. 2017).

**1.** *Ongoing State Proceedings***:**

Younger abstention requires that a state judicial proceeding be ongoing. Arevalo, 882 F.3d at 765. That factor is satisfied. After the Court of Appeal remanded the case, the trial court declined to dismiss the gun enhancement. Plaintiff appealed. The Court of Appeal has not rendered a decision. Petitioner's appeal is ongoing. See Huffman v. Pursue, Ltd., 420 U.S. 592, 607–11 (1987); Dubinka, 23 F.3d at 223; Espinosa v. Madden, No. CV 19-9164-SVW (JPR), 2020 WL 5875020, at *2 (C.D. Cal. Aug. 12, 2020); see also Espinoza, 107 F. Supp. 3d at 1042.

///

6

**2.** *Important State Interests***:**

An underlying state proceeding must implicate important state interests to trigger Younger abstention. Arevalo, 882 F.3d at 765. There is no doubt that state criminal proceedings implicate important state interests. See, e.g., Kelly v. Robinson, 479 U.S. 36, 47–49 (1986); Lazarus v. Baca, 389 F. App'x 700, 700 (9th Cir. 2010). States have important interests in administering their justice systems free from federal intrusion, as well as in enforcing orders and judgments of their courts. Kelly, 479 U.S. at 49; Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 11 (1987); AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir. 2007). And States possess a well-established interest in the prosecution of criminal offenses, including defense of convictions and sentences. See, e.g., Kelly, 479 U.S. at 49; Dubinka, 23 F.3d at 222–23; Espinosa, 2020 WL 5875020, at *2. The Ninth Circuit has nevertheless concluded that the importance of a state interest must be measured by evaluating its significance broadly, rather than by focusing on an interest in resolution of an individual case. City of San Jose, 546 F.3d at 1092. A challenge to a single order rather than a procedure is insufficient. Roden, 495 F.3d at 1149.

The second Younger prong is satisfied because states possess an important interest in the resolution of criminal cases on appeal and defending or correcting convictions and sentences imposed in their courts. See, e.g., Dubinka, 23 F.3d at 222–23; Espinosa, 2020 WL 5875020, at *2; Espinoza, 107 F. Supp. 3d at 1042. Petitioner has appealed the trial court's refusal to dismiss the gun enhancement. The appeal remains unresolved. This case thus implicates California's interest in carrying out its judicial functions and enforcing convictions by resolving criminal appeals unhindered by federal interference. See Kelly, 479 U.S. at 49; Espinosa, 2020 WL 5875020, at *2; Espinoza, 107 F. Supp. 3d at 1042; Nichols v. Brown, 945 F. Supp. 1079, 1096 (C.D. Cal. 2013); see also Gilbertson v. Albright, 381 F.3d 965, 973 (9th Cir. 2004) (recognizing that states have important interests in enforcing judgments of their judicial systems).

///

///

///

///

1          **3.  *Adequate Opportunity to Raise Constitutional Challenges*:**

2                  For Younger abstention to apply, a party must have had an adequate opportunity
3  raise constitutional challenges in state court. Arevalo, 882 F.3d at 765; City of San Jose, 546 F.3d
4  at 1092. Petitioner has not established that he has been unable to litigate his constitutional claims
5  in state court. Petitioner's appellate counsel argued at least two of Petitioner's four claims before
6  the California Court of Appeal; namely, sufficiency of the evidence and trial court error in the
7  refusal to instruct the jury on involuntary manslaughter. See ECF No. 18-2 at 2. He raised three of
8  his present claims in his petition to the Supreme Court of California. See ECF No. 18-3 at 2–3.

9                  Younger requires only the absence of procedural bars to raising federal claims in
10 state proceedings. Middlesex, 457 U.S. at 432; Lazarus, 389 F. App'x at 700; Meredith v.
11 Oregon, 321 F.3d 807, 818 (9th Cir. 2003). When important state interests are at play, federal
12 courts should abstain unless state law bars presentation of constitutional claims. Middlesex, 457
13 U.S. at 432; Hirsh v. Justices of Supreme Court of State of Cal., 67 F.3d 708, 713 (9th Cir. 1995).
14 Judicial review is otherwise adequate. E.g., Hirsh, 67 F.3d at 713; Nichols, 945 F. Supp. 3d at
15 1096–97.

16                 It is sufficient for Younger's third prong that Petitioner has been able to raise his
17 constitutional claims before California's appellate courts. See Lazarus, 389 F. App'x at 700–01;
18 Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n, 196 F.3d 1011, 1019 (9th Cir.1999); Nichols,
19 945 F. Supp. 3d at 1096–97. He has had a full and fair opportunity to raise his constitutional
20 claims. See Meredith, 321 F.3d at 818; Nichols, 945 F. Supp. 3d at 1096–97. And he may do so
21 still by further seeking review in the Supreme Court of California if he is unsatisfied with the
22 Court of Appeal's decision in his pending appeal. There is no indication any state law or
23 procedure bars or barred Petitioner's constitutional claims.

24         **4.  *Interference in Ongoing State Proceedings*:**

25                 The final Younger requirement is that the requested relief would interfere with the
26 ongoing state proceeding. Arevalo, 882 F.3d at 765; City of San Jose, 546 F.3d at 1092, 1095.
27 Granting Petitioner's petition and ordering him released would have the effect of enjoining
28 Petitioner's appeal. Arevalo, 882 F.3d at 765; City of San Jose, 546 F.3d at 1092, 1095. The

1  Court of Appeal has not yet issued a decision as to Petitioner's appeal of the trial court's decision
2  to leave the gun enhancement in place (in addition to reviewing any other claims Plaintiff may
3  have raised). That court's decision will necessarily affect the disposition of his sentence. For this
4  Court to pass judgment on Petitioner's claims would short-circuit the case. To rule now, for
5  example on the constitutionality of Petitioner's sentence, would involve the federal courts in the
6  ordinary course of a state criminal appeal and in prematurely truncating a state action. City of San
7  Jose, 546 F.3d at 1092, 1095; Nichols, 945 F. Supp. 3d at 1097; Lazarus, 389 F. App'x at 701.
8  Younger disapproves of that interference. See City of San Jose, 546 F.3d at 1092, 1095.

### B. No Circumstance Makes Abstention Inappropriate:

Even if the Younger factors are satisfied, federal courts will not abstain if there is bad faith, harassment, or some other extraordinary circumstance that makes abstention inappropriate. Arevalo, 882 F.3d at 765; City of San Jose, 546 F.3d at 1092. Petitioner does not allege either bad faith or harassment and there is no evidence of either. Petitioner does, however, allege that because of the severity of his sentence he will suffer irreparable harm and damages if the state court action is not enjoined. ECF No. 22 at 6. He specifically contends that his sentence is the functional equivalent of life imprisonment; thus, because he had been 18 for less than a month at the time of the shooting, his sentence is unconstitutional under Miller and Montgomery.[3] Id. at 6–8. Consequently, the courts have a responsibility to correct the violation and allowing him to remain in prison constitutes immediate and irreparable harm. Id. at 6–10.

The list of possible extraordinary circumstances justifying intervention even when the Younger factors are satisfied has not been fully developed. See Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 621 (9th Cir. 2003). But the extraordinary circumstance must indicate an irreparable injury that is immediate and great. See, e.g., Younger, 401 U.S. at 46; Arevalo, 882 F.3d at 766. The United States Supreme Court has stated that extraordinary circumstances, in the absence of bad faith, harassment, or a flagrantly unconstitutional statute, must be "extraordinary" in the sense of creating "an extraordinarily pressing need for immediate federal equitable relief,

---

[3] Petitioner also argues that the unconstitutionality of his sentence and the risk of harm are aggravated by the ongoing COVID-19 pandemic and the inadequate response of Kern Valley State Prison, where he is housed. ECF No. 22 at 7.

1  not merely in the sense of presenting highly unusual factual situation." Moore v. Sims, 442 U.S.
2  415, 433 (1979) (quoting Kugler v. Helfant, 421 U.S. 117, 95 (1975)). Only if extraordinary
3  circumstances make the state court powerless to fairly and fully adjudicate the federal issues
4  before it can the deference afforded to state criminal processes be relaxed. Id. Injuries extending
5  from "the cost, anxiety, and inconvenience of having to defend against a single criminal
6  prosecution" are not by themselves considered 'irreparable' in the legal sense of the term.
7  Huffman, 420 U.S. at 601–02; Younger, 401 U.S. at 46.

8       Without more, the Court believes that Petitioner's asserted irreparable harm—
9  which is rooted in the underlying constitutional injury he asserts on petition—does not satisfy the
10  high bar to make this case an "exceptional circumstance" that justifies federal intervention in his
11  pending state court case. Unquestionably, deprivation of constitutional rights constitutes an
12  injury. Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017). But Petitioner has been tried,
13  convicted, and sentenced, and there is no allegation or evidence that the prosecution was
14  undertaken in bad faith or prejudiced by extraordinary error that cannot be corrected on appeal.
15  Although Petitioner claims that it is the alleged unconstitutionality of his sentence that constitutes
16  immediate and irreparable harm, there is no indication that California state courts are incapable of
17  fully and fairly resolving Petitioner's claim should he put it before a court for review.

18       It is only in unusual circumstances that federal courts will intervene before the
19  end of a jury trial, appeal from judgment, and conclusion of the case in state court. See Drury v.
20  Cox, 457 F.2d 764, 764–65 (1972). The irreparable injury Petitioner asserts may yet be
21  eliminated in his pending case. See Younger, 401 U.S. at 46. Moreover, a claim of constitutional
22  error during the ongoing state proceeding itself is insufficient to invoke a Younger exception. See
23  Baffert, 332 F.3d at 619, 621. The basic assertion of a significant constitutional challenge to state
24  action (e.g., Petitioner's imposed sentence) does not by itself compel exercise of federal
25  jurisdiction. Id.

26                                       **III. CONCLUSION**

27       In sum, Petitioner's appeal is pending. State court proceedings in which the State
28  of California has an important interest are ongoing. Petitioner had an adequate opportunity to

raise federal challenges in state court. And the requested relief would interfere in the ongoing appeal. No extraordinary circumstance warrants intervention in ongoing state proceedings. Based on the foregoing, then, the undersigned recommends that Respondent's motion to dismiss (ECF No. 16) be granted and the petition be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 9, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE